**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DESHAWN ACKLIN

      Plaintiff,

v.                                                    CASE NO:
                                                    HON:

CITY OF INKSTER, WILLIAM MELENDEZ,
SHAWN ADAMS, JEFFREY CZARNECKI,
ALLEN LASH, PHILLIP RANDAZZO,
DOUGLAS PARSON, and DANIEL SCHEWE,
in their individual and official capacities

      Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION
OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

      **NOW COMES** Plaintiff, **DESHAWN ACKLIN**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is a resident of the City of Inkster, County of Wayne, State of Michigan.

2. Defendant City of Inkster is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

1

3. That the individually-named Defendants are and/or were police officers working and/or assigned to the Inkster Police Department and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. All events giving rise to this lawsuit occurred in the City of Inkster, County of Wayne, State of Michigan.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

6. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983 as well as state law claims.

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On or about July 26, 2011, Plaintiff was spending time with his friends at the home of one of them when Plaintiff went to use the bathroom.

10. While Plaintiff was in the bathroom, Defendants barged into the house.

11. When Plaintiff exited the bathroom, Defendants demanded that Plaintiff get down on the ground in which Plaintiff immediately complied with said order.

12. That Defendants jumped on Plaintiff and handcuffed him.

13. While Plaintiff was handcuffed and compliant, one of the Defendants began to choke him and beat him until he lost consciousness.

14. Plaintiff was also subsequently maced by one of the Defendants.

15. Plaintiff was arrested and taken to Garden City Hospital for treatment of his injuries.

16. Plaintiff unlawfully remained in Defendants' custody for approximately three days until he was released without being charged with any crime.

17. As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

18. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. That Defendants were at all relevant times acting under color of law and acting within the scope of their employment.

20. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of his clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unreasonable searches and seizures.

21. That Defendants violated Plaintiff's clearly established and federally protected rights by detaining, seizing, restraining, and/or restricting the liberty of Plaintiff without a reasonable suspicion and/or probable cause to do so.

22. That Defendants' acts were at all times intentional, objectionably unreasonable, unnecessary, excessive, reckless, and/or grossly negligent in violation of Plaintiff's clearly established rights under the United States Constitution.

23. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## GROSS NEGLIGENCE

24. Plaintiff realleges and incorporates by reference each and every paragraph of his Complaint as though fully set forth herein.

25. The governmental agency that employed Defendants was engaged in the exercise or discharge of a governmental function.

26. Defendants' conduct amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

27. At the time of the incident complained of herein, Defendants were working for the Inkster Police Department and had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

28. Notwithstanding these duties, Defendants breached their duty with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused injuries and damages to Plaintiff.

29. Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

30. That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounted to gross negligence.

31. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered injuries and damages.

32. Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

## COUNT III
## ASSAULT AND BATTERY

33. Plaintiff realleges and incorporates by reference each and every paragraph of his Complaint as though fully set forth herein.

34. Defendants' acts were not undertaken in good faith and were not discretionary but were undertaken with malice.

35. At all material times herein, Defendants threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or excessive physical contact.

36. At all material times herein, the physical contact and/or threat of physical contact referred to herein was inflicted upon Plaintiff by Defendants.

37. That the physical contact and/or threat of contact were unnecessary and excessive and furthermore, the physical contact was without probable cause and/or legal justification.

38. As the direct and proximate result of the assaults and batteries inflicted upon Plaintiff by Defendants as described above, and/or the failure to stop the unnecessary threat and/or use of force, Plaintiff sustained injuries and damages.

39. Defendants' actions were so egregious and so outrageous, that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

## COUNT IV
## CITY OF INKSTER'S CONSTITUTIONAL VIOLATIONS

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. Defendant City of Inkster acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

42. That these customs, policies, and/or practices included but were not limited to the following:

    a. Failing to train and/or supervise its officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    c. Failing to supervise, review, and/or discipline police officers whom the City of Inkster knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

    d. Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens;

    e. Having a custom, policy, and/or practice of falsely arresting and/or illegally detaining citizens.

43. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

44. Defendants' deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

45. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT V
## FALSE ARREST/FALSE IMPRISONMENT

46. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

47. That Defendants caused the arrest and/or imprisonment of Plaintiff without any legal justification and/or probable cause.

48. That Defendants did cause Plaintiff to be held against his will and/or imprisoned without any legal justification and/or probable cause.

49. Defendants restricted Plaintiff's liberties against his will.

50. Defendants' actions were without legal justification and/or probable cause.

51. As a result of Defendants' actions, Plaintiff suffered injuries and damages.

52. Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                              Respectfully Submitted,
                              CHRISTOPHER TRAINOR & ASSOCIATES

                              BY: **s/ Amy J. DeRouin**
                              CHRISTOPHER J. TRAINOR (P42449)
                              AMY J. DEROUIN (P70514)
                              Attorney for Plaintiff
                              9750 Highland Road
                              White Lake, MI  48386
                              (248) 886-8650
Dated:  July 24, 2013          amy.derouin@cjtrainor.com
*AJD/gcj*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DESHAWN ACKLIN

    Plaintiff,

v.                                            CASE NO:
                                                HON:

CITY OF INKSTER, WILLIAM MELENDEZ,
SHAWN ADAMS, JEFFREY CZARNECKI,
ALLEN LASH, PHILLIP RANDAZZO,
DOUGLAS PARSON, and DANIEL SCHEWE,
in their individual and official capacities

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com | |

## DEMAND FOR JURY TRIAL

      **NOW COME** Plaintiff, **DESHAWN ACKLIN**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby make a Demand for Trial by Jury in the above-captioned matter.

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      BY: **s/ Amy J. DeRouin**
                                      CHRISTOPHER J. TRAINOR (P42449)
                                      AMY J. DEROUIN (P70514)
                                      Attorney for Plaintiff
                                      9750 Highland Road
                                      White Lake, MI  48386
Dated: July 24, 2013                 (248) 886-8650
                                      Amy.derouin@cjtrainor.com